**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4138**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WILLIE MITCHELL,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:10-cr-00562-DCN-1)

———————

Submitted:  November 1, 2012        Decided:  March 15, 2013

———————

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Francis  J.  Cornely,  CORNELY  LAW  FIRM,  Charleston,  South
Carolina, for Appellant.  Robert Nicholas Bianchi, OFFICE OF THE
UNITED  STATES  ATTORNEY,  Charleston,  South  Carolina,  for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Mitchell was charged in a three-count indictment with: (1) being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2006) (Count 1); (2) possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a) (2006) (Count 2); and (3) possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A) (2006) (Count 3). Mitchell filed motions to suppress both his statements and evidence seized at the time of his arrest. Following separate hearings, the district court denied both motions. Mitchell subsequently entered into a plea agreement with the Government in which he agreed to plead guilty to Counts 1 and 2. Mitchell also agreed that the plea agreement constituted an Information for purposes of 21 U.S.C. § 851 (2006), thereby subjecting him to increased punishment based on three prior felony drug offenses identified in the agreement. The district court sentenced Mitchell to a total of 188 months imprisonment. Mitchell noted a timely appeal.

Mitchell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but questions the district court's rulings on Mitchell's suppression motions. Mitchell has filed a supplemental pro se brief in which he also challenges the denial of his suppression motions.

2

Although the plea agreement makes no mention of the suppression motions, we find that Mitchell arguably preserved those issues for appeal.

The facts underlying Mitchell's arrest and indictment are as follows. In December 2009, North Charleston Police narcotics detectives received a tip that illegal drug activity was taking place at 2321 Kent Avenue; based on the tip, the detectives conducted a search of the trash can at the curb outside the residence and found several items that tested positive for cocaine and marijuana. A search warrant was obtained based on that evidence.

When the warrant was executed, detectives found Mitchell, Kenyatta Thompson, and five juveniles inside the residence. Detectives also recovered a stolen handgun, a quantity of both cocaine and crack, a digital scale, pyrex dishes containing cocaine residue, a microwave oven containing cocaine residue, a large sum of cash, and documents bearing Mitchell's name. After being advised of his Miranda rights, Mitchell signed a statement admitting ownership of the drugs and guns.

In his motion to suppress the evidence seized during the search, Mitchell claimed that the search warrant was not based on sufficient probable cause because the trash can was accessible to passersby, and that the officers entered his home

3

without a warrant in hand (the warrant arrived approximately one hour after the detectives began the search).

At the hearing on Mitchell's motion, Detective Jamel Foster testified that the trash can was collected from outside the fence surrounding the yard at 2321 Kent Avenue. Foster stated that there was a garage in the back yard and that there was a separate trash can alongside that building, inside the fence. That trash can was not searched. Prior to obtaining the warrant, Foster checked the property tax records for 2321 Kent Avenue to confirm that the garage did not have a different address. Along with the items that tested positive for marijuana and cocaine, Kenyatta Thompson's mail was found in the trash can that was searched.

Mitchell argued that the trash can pulled by the detectives was located in a public place and was accessible to people at a nearby bus stop, among others. According to Mitchell, that information should have been disclosed in the application for a search warrant. However, we find that such information was unnecessary. Mitchell's reliance on United States v. Tate, 524 F.3d 449 (4th Cir. 2008), is misplaced. In Tate, the evidence suggested that the officer applying for the search warrant intentionally omitted facts about the location of the trash because the trash was not actually abandoned (i.e., placed at the curb, as in the instant case) but was located

4

within the fenced-in backyard, near the home. This court found that Tate made a "substantial preliminary showing that [the officer] knowingly and intentionally, or with reckless disregard for the truth, omitted a material statement in the affidavit he offered in support of the warrant to search Tate's residence." Id. at 457. This court vacated Tate's conviction and remanded for a Franks[*] hearing. By contrast, Mitchell failed to show that the officers intentionally or recklessly withheld a material fact — the proximity of a bus stop — when applying for the warrant.

The district court also properly found that Mitchell's challenge to the execution of the warrant was without merit. The Fourth Amendment does not require that a warrant be served on the owner of the property prior to the search. See Groh v. Ramirez, 540 U.S. 551, 562 n.5 (2004) ("[N]either the Fourth Amendment nor [Fed. R. Crim. P. 41] requires the executing officer to serve the warrant on the owner before commencing the search").

---

[*] Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (holding that, where "a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request").

Mitchell also filed a motion to suppress his statements made at the time of his arrest on the ground that the statements were not made freely and voluntarily.  Specifically, Mitchell claimed that, at the time of the search, the officers told him and Thompson (his girlfriend) that if he did not claim responsibility for the drugs and gun, the Department of Social Services would take Thompson's children from her, possibly permanently.

A statement will be deemed involuntary if the accused's "will has been overborne or his capacity for self-determination critically impaired."  United States v. Pelton, 835 F.2d 1067, 1071 (4th Cir. 1987) (internal quotation marks and citation omitted).  "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment."  Colorado v. Connelly, 479 U.S. 157, 167 (1986).  Whether a confession is voluntary must be determined by examining "the totality of all the surrounding circumstances — both the characteristics of the accused and the details of the interrogation."  Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Relevant considerations include the age, education, and intelligence of the accused, the length and conditions of detention, and the duration and frequency of questioning.  Id.

Mitchell was thirty-five years old, a high school graduate, and had a lengthy criminal history (his criminal history category, as determined in the presentence report, was VI). Although the officers present denied making any threats to Mitchell or Thompson, even if they had, "[t]he mere existence of threats . . . implied promises, improper influence, or other coercive police activity . . . does not automatically render a confession involuntary. . . . Truthful statements about [the Defendant's] predicament are not the type of coercion that threatens to render a statement involuntary." United States v. Braxton, 112 F.3d 777, 780, 782 (4th Cir. 1997). Indeed, given the presence of drugs, firearms, and evidence of drug manufacturing in the home, Thompson could have lost custody of her children had the activity been attributed to her.

In light of the above, we conclude that the district court did not err in denying Mitchell's suppression motions. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mitchell, in writing, of his right to petition the Supreme Court of the United States for further review. If Mitchell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court at that time for leave to

7

withdraw from representation.  Counsel's motion must state that a copy thereof was served on Mitchell.  Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
